# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **CLIFFORD WAYNE BOWLES,** | |
| Petitioner, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| **UNITED STATES OF AMERICA,** | **Case No. 1:06CV14 DAK** |
| Respondent. | |

This matter is before the court on Clifford Wayne Bowles' ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. On July 12, 2004, Petitioner pleaded guilty to violating 18 U.S.C. § 924(g)(1) (Felon in Possession of a Firearm). On September 21, 2004, he was sentenced to 30 months in prison and 36 months of supervised release. On January 23, 2006, Petitioner filed the instant motion under Section 2255.

Petitioner argues that the "court failed to credit all time served in custody 'since 12-14-2003.'" It is unclear to the court why Petitioner believes he should receive credit for his time served prior to the time the Indictment was filed in his federal criminal case (1:04CR52), which was on April 7, 2004. There is no indication that he served any federal time for which he has not received credit.

1

Pursuant to federal law, 18 U.S.C. Section 3582, the district court loses jurisdiction of a case at sentencing. After a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a) and whether the defendant should receive credit for time spent in custody. *See id.* § 3585(b); *United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (BOP determines credit issues, not the district courts). Therefore, following sentencing, jurisdiction is turned over to the Bureau of Prisons and the defendant is then subject to the rules and standards that govern that agency.

Defendant should automatically receive credit toward his sentence for time served in any jail facility as a result of the federal offense for which he was sentenced. He does not, however, receive credit for time served that is credited to another sentence, nor does he receive credit for any term spent at a community corrections center unless he is in that facility in the custody of the Bureau of Prisons. Any questions regarding the credit a defendant has received from the Bureau of Prisons, must be raised with the Bureau of Prisons. Because this court lost jurisdiction at sentencing, it cannot issue any type of order to the Bureau of Prisons with respect to credit for time served.

Moreover, Defendant's motion is denied in any event because it is time-barred, having been filed more than one year after his judgment of conviction became final. *See* 28 U.S.C.A. § 2255.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 31st day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge